## Daniels et al. v. Davis et al.

October 25, 1949.

Howard & Combs and Edward L. Allen for appellants.

J. B. Clarke for appellees.

VAN SANT, COMMISSIONER—Affirming.

The sole question for our determination is whether the boundary line between lots owned by appellants and appellees commences at a point where a well is located on a recorded plat of the town of Auxier in Floyd County.

Appellees, who were plaintiffs below, claim to be the owners of lot C through a deed from the Northeast Coal Company wherein the property is described to be: "in the village of Auxier, Floyd County, Kentucky, as shown upon a map of said village, which map is of record in Deed Book No. 126, P. 637, Floyd County Clerk's Office, to which map reference is hereby made for a more particular description of the property herein conveyed."

Appellants, who were defendants below, claim to be the owners of lot B by reason of a deed from the same grantor which describes it to be: "in the village of Auxier, Floyd County, Kentucky, as shown upon a map of said village, which map is of record in Deed Book No. 126, P. 637, Floyd County Clerk's Office, to which map reference is hereby made for a more particular description of the property herein conveyed."

The judgment appealed from quieted appellees' title in the following language: "It is, therefore, ordered and adjudged by the Court that plaintiffs are the legal owners and title holders of lot C as shown by the map and deed set out and described in the petition and evidence, and that the boundary line between lot B and C runs near the edge of the concrete well base *as shown by said map,* and are quieted in their title and possession thereof; that the defendants E. B. Daniels and Anna Daniels be and they are enjoined and restrained from interfering with or molesting plaintiffs in the quiet use and enjoyment of said lot up to said line *as shown on said map to run adjoining said concrete well base.*" (Our emphasis.)

Since appellants claim by deed which describes their property *as shown on the map,* and appellees claim by deed which describes their property *as shown on the same map,* we hardly see how the Court could have fixed the line except at the place it is *fixed on the map.* Lot C is a corner lot and commences at the northwest corner of an intersection of two streets, thence westerly with

the one of said streets which parallels the Chesapeake and Ohio Railway Company's right of way, a distance of seventy feet (70'), where it adjoins lot B; and lot B runs from that point westerly with the street a distance of eighty feet (80'). The well on the plat is shown to be adjacent to the westerly boundary of lot C, but within the limits of, and running with, the easterly boundary of lot B.

The engineer, who platted the property on the map, testified that he likewise made a survey of the property. He did not have any written record to refresh his recollection in respect to the survey. However, he testified from memory that the survey he made placed the well on lot B, eight (8) or ten (10) feet from the line between lots B and C, and that in making the map he just sketched the well at the division line "so that they could all have water." He later said "As it happened the well is not there (as shown on map) it is farther up in Ebb's lot (B)." He admitted that the line so located and at the time marked with a stake which now is not in existence, is in conflict with the division line as shown on the map, and that mere reference to the map would indicate the line of division to be situated at the location claimed by appellees. It is obvious that his testimony concerning a separate survey can be given no weight in determining the location of the division line, because the deeds under which both parties claim place the division line at the location shown on the recorded map.

In addition to quieting appellees' title to the land in dispute, the Chancellor awarded appellees judgment for fifty dollars ($50.00) for injuries to the disputed portion of their lot resulting from appellants' cutting certain trees growing thereon. The evidence supports this part of the judgment.

The judgment is affirmed.