**Sherman JONES, Appellant,**

v.

**Kirk FAIRCHILD et al., Appellees.**

Court of Appeals of Kentucky.

March 16, 1956.

362

W. C. Dabney, Monticello, for appellant.

Bruce H. Phillips, Monticello, for appellees.

MOREMEN, Judge.

Appellant, Sherman Jones, and appellee, Kirk Fairchild, own adjoining parcels of land in Wayne County. Appellant, who believed that appellee was claiming a portion of the land owned by him, brought suit to quiet his title. Appellee counterclaimed and asked the same remedy.

John Farrel originally owned the boundary of land which included the portions now owned by the parties to this appeal. In November 1944, he had the ground surveyed and divided into separate tracts. He caused the map or plat, which plainly designates the various tracts, to be filed in the office of the clerk of the Wayne County Court. It was recorded in deed book No. 88 at page No. 285. He then sold the lots to the public on the basis of the tracts shown and numbered on the map. On the same day, appellant became, purchaser of lot No. 3, and appellee's predecessor in title became owner of lot No. 2. The map shows that these lots abut highway No. 80 which is the main traveled highway between Monticello and Albany.

The dispute centers around the dividing line between the two lots. Its true location is decisive of this suit.

Appellant, in preparation of the trial in the circuit court, caused a survey and map of the vicinity to be made by Ed Dodson, who is not a surveyor by trade, but who seems, to a certain degree, to be familiar with surveying methods. This map differs substantially from the recorded map from which the parties purchased their lots. It is appellant's contention that when the description of his particular lot is projected on the ground, it includes land now claimed by appellee, and that contention is reflected by Dodson's map.

The principal question, as we have said, concerns the true location of the dividing line. If it may be properly identified, the map filed in the clerk's office is conclusive. The record contains proof that the dividing line given by the recorded map coincides roughly on the ground with an old fence line although this, to a certain extent, was disputed by some witnesses.

The circuit court in simple instructions submitted the determination of this question to the jury and they affirmatively found that the line on the recorded map coincides with the old fence line, and that the map, which was recorded in deed book No. 88 at page No. 285, gives the correct description of the property.

We believe, as did the court in Daniels v. Davis, 311 Ky. 293, 295, 223 S.W.2d 998, 999:

"Since appellants claim by deed which describes their property *as shown on the map*, and appellees claim by deed which describes their property *as shown on the same map*, we hardly see how the Court could have fixed the line except at the place it is *fixed on the map*."

After the line of lot No. 2, which forms the boundary between appellant's and appellee's land, is established, the balance of the boundary may be defined by definite courses, degrees and distances because the dividing line goes from the highway to an agreed white oak and the remaining three

boundaries of lot No. 2 are bounded by fixed objects either called for in the deed or shown in the plat or both.

We have found no error in the record and the judgment is affirmed.